IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

BENJAMIN VALDEZ,

Plaintiff,

v.

APOLLO GROUP, INC., an Arizona corporation, INSIGHT SCHOOLS, INC., an Oregon
corporation, d/b/a INSIGHT SCHOOL OF COLORADO and INSIGHT SCHOOL COLORADO
AT JULESBURG, now a subsidiary of Iowa College Acquisition Corp., a Delaware corporation, in
turn a subsidiary of Kaplan Higher Education Corporation, a Delaware corporation,

Defendants.

---

## NOTICE OF REMOVAL

---

Defendant Insight Schools, Inc., d/b/a Insight School of Colorado and Insight School

Colorado at Julesburg, now a subsidiary of Iowa College Acquisition Corp., in turn a subsidiary

Kaplan Higher Education Corp. ("Insight Schools"), by and through its attorneys, Margaret

Parnell Hogan and Allison R. Cohn of Littler Mendelson P.C., removes this action to this Court

from the District Court of Denver County, Colorado.  Removal jurisdiction exists pursuant to 28

U.S.C. § 1332 (diversity of citizenship).  In support of this Notice of Removal, Defendant states:

### STATE COURT ACTION

1.      On August 8, 2011, Plaintiff Benjamin Valdez ("Plaintiff") filed a Complaint and

Jury Demand against Apollo Group, Inc. ("Apollo Group") and Insight Schools in the District

Court, Denver County, Colorado, entitled *Benjamin Valdez v. Apollo Group, Inc., an Arizona*

*corporation, Insight Schools, Inc., an Oregon Corporation, d/b/a Insight School of Colorado;*

*and Insight School of Colorado at Julesburg, n/k/a Iowa College Acquisition Corp., an Iowa Corporation, a subsidiary of Kaplan Educational Centers, Inc., a Delaware Corporation*, Case No. 11CV557.  A true and correct copy of the Complaint is attached as Exhibit A.  A true and correct copy of the Summons is attached as Exhibit B.  A true and correct copy of the Civil Cover Sheet is attached as Exhibit C.

2.      On August 26, 2011, prior to effecting service on Insight Schools, Plaintiff filed an Amended Complaint and Jury Demand ("Amended Complaint") to correct inaccuracies in the case caption.  The Amended Complaint is entitled *Benjamin Valdez v. Apollo Group, Inc., an Arizona Corporation, Insight Schools, Inc., an Oregon Corporation, d/b/a Insight School of Colorado and Insight School of Colorado at Julesburg, now a subsidiary of Iowa College Acquisition Corp., a Delaware Corporation, in turn a subsidiary of Kaplan Higher Education Corporation, a Delaware Corporation*.  A true and correct copy of the Amended Complaint is attached as Exhibit D.

3.      On August 26, 2011, Apollo Group accepted service of the Summons and Complaint and waived further service of the Summons and Amended Complaint pursuant to Rule 4 of the Colorado Rules of Civil Procedure.  A true and correct copy of Apollo Group's Acceptance and Waiver of Service is attached as Exhibit E.  A true and correct copy of counsel for Apollo Group's Entry of Appearance is attached as Exhibit F.

4.      On September 2, 2011, Insight Schools accepted service of process and waived further service of the Summons and Complaint. A true and correct copy of Apollo Group's Acceptance and Waiver of Service is attached as Exhibit G.

5.      This Notice of Removal is filed within 30 days of the date of service on Insight Schools, as required by 28 U.S.C. § 1446(b).

6.      No proceedings have taken place in the District Court, Denver County, Colorado.

7.      This action is a civil action brought by a former employee of Insight Schools for wrongful termination in violation of public policy and breach of contract (Am. Compl. ¶¶ 15).

## DIVERSITY JURISDICTION

8.      This Court has jurisdiction over this case because the parties are of completely diverse citizenship.

9.      Plaintiff is a resident of Denver, Colorado. (*See* Am. Compl. ¶ 1.)  As such, Plaintiff is a Colorado citizen.

10.     Apollo Group is an Arizona corporation with its principal place of business in Phoenix, Arizona.  *See* Printout from Arizona Secretary of State Website, attached hereto as Exhibit H.

11.     Insight Schools, Inc. is an Oregon corporation with its principal place of business in Portland, Oregon.  *See* Declaration of Peter Schwartz ("Schwartz Decl."), ¶ 3, attached hereto as Exhibit I.

12.     Iowa College Acquisition Corp. is a Delaware corporation with its principal place of business in Chicago, Illinois.  *See id*. ¶ 4.

13.     Kaplan Higher Education Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois.  *See id*.

14.     Accordingly, complete diversity of citizenship exists.

15.    The amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction within the meaning of 28 U.S.C. § 1332(a), as interpreted by *Woodmen of the World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (diversity jurisdiction is proper where it "is not legally certain that the claim is less than the jurisdictional amount").

16.    In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit applied the *Woodmen of the World Life Insurance Society* holding to a case in which the plaintiff did not allege any particular sum in her prayer for relief.  Recognizing that a plaintiff may not destroy diversity jurisdiction by failing to plead a specific sum, the Tenth Circuit held that a defendant seeking removal must "prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy <u>may</u> exceed $75,000." *Id.* at 953 (emphasis added).  These jurisdictional facts may include, among other things, "an estimate of the potential damages from the allegations in the complaint," plaintiff's settlement demands, plaintiff's discovery responses, and other external evidence demonstrating how much it would cost to satisfy the plaintiff's demands. *Id.* at 956.  Applying that rule to the instant facts, the Tenth Circuit found that the defendant met its burden because the plaintiff sought "actual damages, punitive damages . . . , plus pre and post judgment interest, costs, attorney fees and such other and further relief which the Court deems appropriate." *Id.* at 956.  The appellate court also considered the parties settlement correspondence, which could be read to indicate that plaintiff was seeking more than $75,000. *Id.* at 957.

17.    Similar to the *McPhail* case, the Amended Complaint does not contain a numerical damage calculation or prayer.  However, a reasonable person could conclude that Plaintiff is seeking damages in an amount greater than the $75,000 jurisdictional amount.

18.     Insight Schools' good faith belief that Plaintiff is seeking damages in excess of $75,000 is based on a reading of the Complaint, including Plaintiff's allegations that:

> 15.     Mr. Valdez' discharge by Insight was wrongful and in violation of the clearly stated public policies of the State of Colorado, and in breach of its contract with him.
>
> 16.     As a result of the termination, Mr. Valdez become unemployed and his reputation as an educator was diminished. Subsequent employment will not pay the salary, benefits and bonus that he would have received at Insight and he has been financially damages according.
>
> WHEREFORE, plaintiff Benjamin Valdez seeks damages against the defendants in an amount to be determined by a jury, and judgment for costs and such other legal and equitable relief as is provided for by law.

Am. Compl. at 4.

19.     Accordingly, if successful in this lawsuit, Plaintiff will obtain both economic damages from December 22, 2010 through trial and non-economic damages.  *See Genova v. Longs Peak Emergency Physicians, P.C.*, 72 P.3d 454, 460 (Colo. Ct. App. 2003) (approving of jury instruction in a wrongful discharge/public policy case which permitted the jury to award economic damages and non-economic damages).

20.     "Economic damages for wrongful discharge are limited to back pay, loss of future pay, loss of benefits, and related economic losses proximately resulting from the discharge." *Genova*, 72 P.3d at 460.

21.     Here, Plaintiff earned an annual salary of $76,000, with bonus potential.  He also received a variety of health and welfare benefits.  *See* Schwartz Decl. ¶ 5 & Ex. 1 (signed offer letter confirming Plaintiff's annual salary).  He alleges that he is unemployed.  Am. Compl. ¶ 16. Based on these facts, if Plaintiff succeeds on his wrongful discharge claim, it is highly possible

that he will recover back and front pay damages in excess of $75,000. *See McPhail*, 529 F.3d at 955 (holding that a defendant might support diversity jurisdiction by attaching a copy of the contract, valued at more than $75,000 to the notice of removal).

22.    Plaintiff may also recover non-economic damages. Under Colorado law, non-economic damages are capped at $500,000, well above the jurisdictional minimum. *See* C.R.S. § 13-21-102.5(3)(a) (capping non-medical malpractice, non-economic, civil damages at $250,000; except when the court finds justification by clear and convincing evidence to raise the cap to $500,000).

23.    Moreover, correspondence between Plaintiff's counsel, Bruce G. Smith, and Insight Schools demonstrates that Plaintiff is seeking damages in an amount greater than the $75,000 jurisdictional amount. *See McPhail*, 529 F.3d at 956 ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.") Specifically, on February 23, 2011, Mr. Smith sent a letter to Keith Oelrich, President of Insight Schools, stating the Plaintiff is entitled to economic and non-economic damages for his wrongful discharge.

> Mr. Valdez' annual base with Insight was $76,000, with approximately $21,280 value in benefits and almost certain bonus potential of $15,200. Because he was fired at the end of December, his ability to mitigate his losses for the balance of the economic year is limited. More importantly, he will not have the benefit of the salary differential Insight paid relative to his alternative prospects, primarily in the public education sector. **He estimates his economic loss at over $250,000 through the next five years.** Moreover, his quickly terminated tenure at Insight provides a hugely negative feature on his resume. While Insight will, we assume, provide no information to prospective employers as a reason for separation, the fact remains his departure creates a black mark. Needless to say, his loss of immediate income has imposed a huge hardship and emotional stress on himself and his wife, who have two children in high school.

> In sum, we are confident Mr. Valdez has a legally viable discharge claim. He has authorized us to negotiation a resolution of his claims if terms can be reached quickly and with mutual releases. **Given his anticipated losses and damages, Mr. Valdez has authorized a settlement of $150,000.00.**

*See* Schwartz Decl. ¶ 6 & Ex. 2 (emphasis added).

24.     In further support, Plaintiff stated in his Civil Cover Sheet—a pleading filed in the State Court Case—that he was seeking more than $100,000 in his lawsuit. *See* Ex. C. *See Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *6 (D. Colo. May 20, 2009) (noting that, while not dispositive, the Civil Cover Sheet is evidence to be considered in evaluating whether the amount in controversy is met).

25.     Accordingly, this lawsuit is one that may be removed to this Court by Insight Schools, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, because this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

26.     Counsel for Insight Schools has conferred with counsel for Apollo Group, James D. Kilroy, regarding removal of this action. Apollo Group consents to removal of this action to federal court. *See* Apollo Group, Inc.'s Notice of Consent, attached hereto as Exhibit J.

### VENUE

27.     The District Court, Denver County, Colorado lies within the District of Colorado. Accordingly, this is the proper Court to receive this removed action.

### STATE COURT TO BE NOTIFIED

28.     Pursuant to 28 U.S.C. § 1446(d), Insight Schools will file, on this same date, a Notice To State Court, in which the State Court will be notified of the removal of this action to

this Court.  Copies of this Notice of Removal will also be served on Plaintiff and Defendant Apollo Group.

THEREFORE, having fulfilled all statutory requirements, Insight Schools respectfully removes the instant action now pending in the District Court of the County of Denver, Colorado, and requests that this Court assume full jurisdiction over the matter as provided by law and permit this action to proceed before it.

Dated: September 21, 2011                    Respectfully submitted,


*s/ Margaret Parnell Hogan*
Margaret Parnell Hogan
Allison R. Cohn
Littler Mendelson, PC
1200 17th Street, Suite 1000
Denver, CO 80202
Telephone: 303.629.6200
Facsimile: 303.629.0200

ATTORNEYS FOR INSIGHT SCHOOLS, INC., D/B/A INSIGHT SCHOOL OF COLORADO AND INSIGHT SCHOOL COLORADO AT JULESBURG; IOWA COLLEGE ACQUISITION CORP.; AND KAPLAN HIGHER EDUCATION CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of September 2011, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was mailed via first class U.S. mail to the following.  The duly signed original is on file at the office of Littler Mendelson, P.C.


Bruce G. Smith, Esq.
Darling Milligan Smith & Lesch, PC
1331 17th Street, Suite 800
Denver, CO  80202

James Dennis Kilroy, Esq.
Snell & Wilmer LLP
1200 17th St., Suite 1900
Denver, CO 80202


*s/Peggy P. Quines*
Peggy P. Quines