IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02483-RPM

BENJAMIN VALDEZ,
Plaintiff,

v.

APOLLO GROUP, INC., an Arizona corporation,
INSIGHT SCHOOLS, INC., an Oregon corporation
d/b/a Insight School of Colorado and Insight School Colorado at Julesburg,
now a subsidiary of Iowa College Acquisition Corp., a Delaware corporation,
in turn a subsidiary of Kaplan Higher Education Corporation, a Delaware corporation,

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.  In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: Information that implicates the privacy interests of Plaintiff or Defendants and/or information contained in Defendants' confidential business records, personnel records, documents, materials, and communications.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; or

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency, other than the Parties, their attorneys, and their attorneys' agents and employees, unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed other than the Parties, their attorneys, and their attorneys' agents and employees.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.  No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation or any copying service hired by counsel and such copies shall be made and used solely for purposes of this litigation.

9.  During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, it shall be the obligation of the party designating the information as "Confidential Information" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. The Parties agree that access to Confidential Information should be limited to the parties and the court, and therefore, that any motion to restrict access to Confidential Information will identify "Level 1" as the restriction level sought.[1] Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be

---

[1] The Parties recognize that, in certain circumstances, a Party may seek to restrict access to different levels. *See* D.C.COLO.LCivR 7.2(B)(5).

accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.L.Civ.R 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom that is not deemed attorney work product. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product containing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 23rd day of March, 2012.

BY THE COURT:

_____
United States District Court

**STIPULATED AND AGREED BY:**

DARLING MILLIGAN SMITH & LESCH, PC

s/*Jason Wesoky*
Bruce G. Smith
Jason Wesoky
1331 17th Street, Suite 800
Denver, Colorado 80202

**ATTORNEYS FOR PLAINTIFF**

SNELL & WILMER L.L.P.

s/*James D. Kilroy*
James D. Kilroy #20872
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: 303.634.2020
**ATTORNEYS FOR DEFENDANT APOLLO GROUP, INC.**

LITTLER, MENDELSON, P.C.

s/*Allison R. Cohn*
Margaret Parnell Hogan
Allison R. Cohn
1900 16th Street, Suite 800
Denver, Colorado 80202

**ATTORNEYS FOR DEFENDANT INSIGHT SCHOOLS, INC.**

**STIPULATED AND AGREED BY:**

DARLING MILLIGAN SMITH & LESCH, PC

s/Jason Wesoky
Bruce G. Smith
Jason Wesoky
1331 17th Street, Suite 800
Denver, Colorado 80202

**ATTORNEYS FOR PLAINTIFF**

SNELL & WILMER L.L.P.

*s/James D. Kilroy*
James D. Kilroy #20872
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: 303.634.2000
Facsimile: 303.634.2020
**ATTORNEYS FOR DEFENDANT
APOLLO GROUP, INC.**

LITTLER, MENDELSON, P.C.

*s/Allison R. Cohn*
Margaret Parnell Hogan
Allison R. Cohn
1900 16th Street, Suite 800
Denver, Colorado 80202

**ATTORNEYS FOR DEFENDANT
INSIGHT SCHOOLS, INC.**

**STIPULATED AND AGREED BY:**

                DARLING MILLIGAN SMITH & LESCH, PC

                *s/Bruce G. Smith*
                Bruce G. Smith
                1331 17th Street, Suite 800
                Denver, Colorado 80202

                **ATTORNEYS FOR PLAINTIFF**

                SNELL & WILMER L.L.P.

                *s/James D. Kilroy*
                James D. Kilroy #20872
                1200 Seventeenth Street, Suite 1900
                Denver, Colorado 80202
                Telephone: 303.634.2000
                Facsimile: 303.634.2020
                **ATTORNEYS FOR DEFENDANT APOLLO GROUP, INC.**

                LITTLER, MENDELSON, P.C.

                *s/Allison R. Cohn*
                Margaret Parnell Hogan
                Allison R. Cohn
                1900 16th Street, Suite 800
                Denver, Colorado 80202

                **ATTORNEYS FOR DEFENDANT INSIGHT SCHOOLS, INC.**

## EXHIBIT A
## AFFIDAVIT

STATE OF COLORADO         )
                                           ss.   )
COUNTY OF _____       )

_____, swears or affirms and states under penalty of perjury:

1.     I have read the Protective Order in *Benjamin Valdez*, v. *Apollo Group, Inc. and Insight Schools, Inc.*, Civil Action. No. 11-cv-02483-RPM, a copy of which is attached to this Affidavit.

2.     I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me, except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.     I will abide by the terms of the Protective Order.

_____
(Signature)
(Print or Type Name)
Address:
Telephone No.:

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2012,

by _____.

WITNESS my hand and official seal.

My Commission Expires: _____

_____
Notary Public